UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHERI L. McMURRAY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:10-cv- 0699-SEB-TAB |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of | ) | |
| Social Security, | ) | |
| Defendant. | ) | |

**ENTRY ON JUDICIAL REVIEW**

Plaintiff, Sheri McMurray, filed for disability benefits from Social Security in February, 2005, alleging a February 20, 2004 onset of total disability. After her application was denied initially and on reconsideration, a hearing before an ALJ was held on March 18, 2008. McMurray and vocational expert, Stephanie Archer testified at the administrative hearing before the ALJ; and, on July 11, 2008, the ALJ determined that McMurray was not disabled at step four of the sequential disability assessment process and, alternatively, at step five as well. McMurray requested Appeals Council review and submitted additional evidence. On April 28, 2010, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied McMurray's request for review. McMurray then initiated this action for review of that decision. In accordance with 42 U.S.C. § 405(g), this court must determine whether substantial evidence supports that decision.

## I. APPLICABLE LAW AND STANDARD OF REVIEW

An ALJ's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *see also Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir.1997). This standard of review recognizes that it is the Commissioner's duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and decide questions of credibility. *Richardson,* 402 U.S. at 399–400. Accordingly, this court may not re-evaluate the facts, weigh the evidence anew, or substitute its judgment for that of the Commissioner. *See Butera v. Apfel,* 173 F.3d 1049, 1055 (7th Cir.1999). Thus, even if reasonable minds could disagree about whether or not an individual was "disabled," the court must still affirm the ALJ's denial of benefits. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir.2000).

In order to qualify for disability benefits under the Act, Plaintiff must establish that she suffers from a "disability," as defined by the Act. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations set out a sequential five-step test the ALJ is required to perform in order to determine whether a claimant is

disabled. *See* 20 C.F.R. § 404.1520. The ALJ must consider whether the claimant: (1) is presently employed; (2) has a severe impairment or combination of impairments; (3) has an impairment that meets or equals an impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) is unable to perform her past relevant work; and (5) is unable to perform any other work existing in significant numbers in the national economy. *Id*. The burden of proof is on Plaintiff during steps one through four, and only after Plaintiff has reached step five does the burden shift to the Commissioner. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir.2000).

## II. The ALJ's Decision

The ALJ reached stage four of the sequential process after concluding that: (1) McMurray had not been gainfully employed since the time of her filing; (2) she had severe impairments in the form of fibromyalgia and degenerative disc disease of the lumbar and spine; and (3) her impairments did not meet or equal one of the impairments listed in the social security regulations as being so severe as to automatically qualify her for benefits. The burden of proof at that point remained with the Plaintiff. McMurray was required to prove that she could not perform any of her past relevant work. Adopting the opinion of the testifying vocational expert, the ALJ found that McMurray did not satisfy that burden, because she maintained a residual functional capacity ("RFC") sufficient to perform her previous work as a data entry clerk and receptionist in the manner in which those jobs are customarily performed. The ALJ went on to conclude

that even if McMurray could not perform her past relevant work, there was an adequate number of jobs which she could perform in the national economy.

**III. Discussion**

The ALJ's findings with respect to McMurray's RFC are challenged by McMurray on multiple fronts. Plaintiff's RFC, as determined by the ALJ, provides as follows:

> ... lifting/carrying up to 20 pounds occasionally, and 10 pounds frequently; standing and/or walking for up to 30 minutes at a time and a total of 4 hours per an 8 hour workday; sitting up to 45 minutes at a time and a total of 6 hours per an 8 hour workday. The work may require the claimant occasionally bend, stoop, kneel and climb stairs; however, such work may not require the claimant to climb ladders, ropes and scaffolds. In addition, the claimant's work may not require commercial driving, work at unprotected heights and/or around moving machinery.

In reaching his determination regarding Plaintiff's functional limitations, the ALJ rejected the opinion of treating physician, Dr. Richard Miller. Dr. Miller had opined that, due to Plaintiff's history of deep vein thrombosis, if she were employed in a sedentary job she would need to elevate her leg to waist level for four of the eight hours in a workday. A treating physician's opinion is entitled to controlling weight if it is supported by acceptable clinical or laboratory diagnostic testing and is not inconsistent with other substantial evidence in the record. *Dixon v. Massanari,* 270 F.3d 1171, 1177 (7th Cir. 2001). The ALJ's rejection of Dr. Miller's opinion is significant because vocational expert Stephanie Archer testified that a requirement of leg elevation for such a considerable period of time during the workday would eliminate McMurray's ability to

perform both her prior work and the other sedentary or light exertion jobs which the expert had opined could be performed by McMurray as well.

At page nine of his decision, the ALJ described his bases for rejecting Dr. Miller's opinion, as follows:

> I reject the opinion of treating physician Dr. Miller. I conclude this opinion is without substantial support from the other clinical and objective findings within the medical evidence of record, some of which I noted has been supplied by Dr. Miller himself. In particular I note that Dr. Miller has suggested the claimant needs to elevate her legs 50% of the time during an 8 hour workday and has also indicated she must use a cane. However, no treatment notes of Dr. Miller make either such a suggestion or prescription. It is emphasized that the claimant underwent the examination that formed the basis of the opinion in question not in an attempt to seek treatment symptoms, but rather, through attorney referral and in connection with an effort to generate evidence for the current appeal. Further, the doctor was presumably paid for the report. Although such evidence is certainly legitimate and deserves due consideration, the context in which it was produced cannot be entirely ignored.

In her briefing, McMurray points out that the ALJ mistakenly states that there are no treatment notes from Dr. Miller to corroborate his February 2008 opinion regarding McMurray's need to elevate her leg for a significant part of any workday. To the contrary, there are ultrasound records from 2005 and a clinical consultation report from that same year provided by Dr. Jill Donaldson, both of which confirm a history of deep vein thrombosis. Dr. Miller's own clinical treatment notes show that he made a specific recommendation in September 2005 that Plaintiff keep her right leg elevated. In short, the statement by the ALJ regarding the lack of support in the record is inaccurate.

The Commissioner argues that the recommendation of Dr. Miller was made in 2005, did not include any mention that McMurray needed to elevate her leg for half the day, and that the recommendation was not repeated anywhere in the record since that time. According to the Commissioner, the ALJ rightfully found the 2008 opinion of Dr. Miller of diminished value as well because it was obtained and "paid for" in connection with her appeal of the initial denial of her disability claim.

Addressing the latter issue first, McMurray can hardly be criticized for seeking a report from her treating physician regarding her alleged disability, when it is her burden to prove that she has one. "[T]he fact that relevant evidence has been solicited by the claimant or her representative is not a sufficient justification to belittle or ignore that evidence." *Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011). To the contrary, an ALJ should expect such evidence to be offered because, "claimant bears the burden of submitting medical evidence establishing her impairments and her residual functional capacity." *Id.*

The lack of any record of a continued recommendation to Plaintiff regarding leg elevation is indeed cause for appropriate concern on the part of the ALJ, but such concern could have been, and should have been, informed by a request for additional expert medical testimony. *Blake ex rel. Wolfe v. Barhart,* 331 F.3d 565, 570 (7th Cir. 2003). If there is a lack of substantial evidence on either side of a key issue, there is need to buttress the record. More to the point, the ALJ never even expressed any concern that

there had been a significant gap between Dr. Miller's 2005 recommendation for leg elevation and his 2008 renewal of that recommendation. That concern was raised only in the briefing before this court. The ALJ simply stated that there were no notes in the record of any previous recommendation for leg elevation, when in fac there were supporting notes. That was a significant mistake, one that we can not simply ignore. *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010)(court cannot uphold an agency decision that fails to mention pertinent evidence). Without further evidence and analysis with regard to Plaintiff's alleged need to elevate her leg for four of the eight hours of a work-day, the ALJ's step four determination that McMurray could perform her previous work is not supported by substantial evidence.

That same need for additional evidence and analysis regarding leg elevation applies as well to the ALJ's alterative finding at stage five. In addition, on remand, there is another issue to be addressed with respect to the step five analysis. McMurray has accurately noted, and the Commissioner has admitted, that in applying the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P. App.2, the ALJ did not take into account the fact that McMurray turned 55 years of age in September 2007. Accordingly, at a minimum, substantial evidence does not support the ALJ's decision for the entire time period for which disability benefits are being sought by Plaintiff. This issue should also be specifically addressed on remand.

Due to the critical nature of the leg elevation issue and the manner in which it

bears upon Plaintiff's RFC and her ability to perform any work, Plaintiff's other arguments for reversing or remanding the agency's final decision at stages four and/or five might be impacted as well by further expert testimony or evidence. We will not address those arguments without the benefit of a finding based on substantial medical evidence with regard to any requirement that Plaintiff keep her leg elevated.

## IV. Conclusion

For the reasons discussed above, the ALJ's conclusion that McMurray could perform past relevant work and a range of additional light and sedentary work is not supported by substantial evidence. The Court, therefore, remands the case to the ALJ for further consideration. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (a court may remand the case after passing on its merits and issuing a judgment affirming, modifying, or reversing the Commissioner's decision, a "sentence four" remand).

On remand, Plaintiff shall be given the opportunity to present additional evidence associated with her disorders. At steps three and four of the analysis, the ALJ shall reconsider the entire record and consider the desireabilty of consulting with a medical expert to assist in determining Plaintiff's need for periodic leg elevation and the duration of any such required periods of elevation. The ALJ shall also re-evaluate his assessment at stage five, based upon an accurate incorporation of Plaintiff's age at or during all the relevant time periods.

Judgment consistent with this Entry shall now issue.

Date: 07/06/2011

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

J. Frank Hanley II
laurasiener@aol.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov